UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  4:12CV712 TIA |
| | ) |
| CORI MANOR REHABILITATION CENTER, | ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment.  The case was assigned to the undersigned Magistrate Judge pursuant to E.D. Mo. L.R. 2.08.

On April 23, 2012, Plaintiff filed an Employment Discrimination Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and other unspecified labor laws. The Court granted Plaintiff leave to proceed in forma pauperis on April 27, 2012.  Summons on Defendant was returned executed on May 9, 2012, and the answer was due on May 29, 2012. Defendant failed to timely answer or otherwise plead, and on May 30, 2012, Plaintiff filed the present motion, asking for default judgment and an award of $50,000.

However, Plaintiff's motion fails to comply with Fed. R. Civ. P. 55(a), which states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Thus, the Plaintiff is required to file separate motions, a motion for clerk's entry of default under Rule 55(a) and a motion for default judgment under Rule 55(b), supported by all necessary affidavits and documentation.  Further, the motion does not contain a certificate of service, and this Court finds that

Plaintiff should give notice to Defendant, even though it has not appeared.  See 10-55 Moore's Federal Practice - Civil § 55.33 (3d ed.) ("Although Rule 55 requires notice only to those parties who have appeared in the action, the court does have discretion to order notice to parties who have not appeared . . . ").  Because Plaintiff's motion fails to comply with Rule 55 and does not contain a certificate of service indicating that the Defendant has been notified of the motion, the Court will deny the motion for default judgment and allow Plaintiff to file the proper motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. #10) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file the appropriate motions for entry of default by the Clerk of the Court and motion for default judgment, which include certificates of service indicating that Plaintiff notified the Defendant of said motions no later than **June 20, 2012.** Failure to comply with this Order may result in dismissal of the claims against Defendant without prejudice.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   6th   day of June, 2012.